[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
This is an appeal from a judgment and sentence of the Court of Common Pleas of Allen County.
On March 4, 1998, at about 9:26 p.m., the wife of the defendant, Jasper Phipps, called for emergency assistance when she found her eight month old child, Jasmine Phipps, in her crib not breathing. The child was transported to a hospital where she died at 4:46 a.m. on March 5, 1998. The cause of death was asphyxia.
On May 14, 1998, the defendant, Phipps, was indicted for child endangerment in violation of R.C. 2919.22(B)(2), a felony of the third degree, and for involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree. Subsequently, the charge of child endangerment was dismissed, and the defendant entered a plea of guilty to the charge of involuntary manslaughter. At the same hearing, sentencing was assigned for September 21, 1998.
On the assigned date, the defendant was sentenced to ten years with the Ohio Department of Rehabilitation and Correction, but immediately prior to sentencing, the trial court commented as follows:
 March 4, 1998, Jasmine was eight months old. It would be months before she took her first steps or said her first words. She was totally dependent on those around her for everything. On that date, the baby was fussy and she was interfering with your evening's entertainment. So, you made her stop crying and here we are today. You are to be held responsible for causing her death. Now, there may be circumstances in other cases where the court could find reason to be lenient in sentencing those convicted of committing certain crimes. I don't find them in this case, Jasper Phipps. In this case, you attempted for over two weeks to keep the true facts from investigators. These are the true facts-you put your hand over the baby's mouth and held her tightly to your chest until she stopped crying and then you returned to watch t.v. You deserve no less than the full measure of the law as punishment for this crime against an innocent, helpless victim and, in my opinion, the worst form of the offense of involuntary manslaughter. I hereby sentence you to ten years * * *."
In the appeal to this court, Mr. Phipps has set forth four assignments of error as follows:
 1. That the Court of Common Pleas for Allen County, Ohio committed error prejudicial to the Defendant in imposing the maximum term of incarceration of ten years for a felony of the first degree, to wit, involuntary manslaughter [O.R.C. Section 2903.04(A)] after a negotiated plea of guilty as set forth in O.R.C. Section 2929.14(A)(l). Said assignment is an appeal as of right under O.R.C. Section 2953.08(A)(l).
 2. That the Court of Common Pleas for Allen County, Ohio committed error prejudicial to the Defendant in imposing a term of incarceration upon the Defendant for a first degree felony, to wit, involuntary manslaughter [O.R.C. Section 2903.04(A)] after a negotiated plea of guilty where the Defendant's sentence was imposed for only one offense. Said assignment is an appeal as of right under O.R.C. Section 2953.08(A)(2).
 3. That the Court of Common Pleas for Allen County, Ohio committed error prejudicial to the Defendant in imposing a term of incarceration upon the Defendant for a first degree felony, to wit, involuntary manslaughter [O.R.C. Section 2903.04(A)] after a negotiated plea of guilty where the Defendant's sentence was contrary to law. Said assignment is an appeal as of right under O.R.C. Section 2953.08(A)(4).
 4. That the Court of Common Pleas for Allen County, Ohio committed error prejudicial to the Defendant in imposing a term of incarceration upon the Defendant for a first degree felony, to wit, involuntary manslaughter [O.R.C. Section 2903.04(A)] after a negotiated plea of guilty where the sentence of the Defendant was an abuse of discretion of the trial court.
The alleged errors have not been argued seriatim, and the appellant's general attack upon the severity of the sentence, while thorough, has failed to disclose any fatal departure from the procedures presently required by law.
In this regard, R.C. 2929.11 sets forth the purpose of sentencing as follows:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitation of the offender, and making restitution to the victim of the offense, the public, or both.
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 Then, turning to R.C. 2929.14(A)(1), the statute provides that "for a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years."
In the present appeal, the appellant relies to some extent upon R.C. 2929.14(B), but the applicability of such section, by its own terms, is conditioned upon the non-applicability of R.C. 2929.14(C) which provides that:
 * * * the court imposing sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section. (Emphasis added.)
 At the sentencing hearing, R.C. 2929.19(B) also imposes a duty upon the trial court to make a finding and give reasons "if the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense."
Here, the trial court alluded to a number of operative facts before concluding that Phipps was guilty of "the worst form of the offense of involuntary manslaughter." And the sentencing entry affirmatively states that the court "has considered the record, oral statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12."
Upon the record presented, therefore, the Common Pleas Court appears to have done all that the statutes require. In such cases, the trial court has considerable discretion in the imposition of a prison term. R.C. 2929.12(A). And where such sentence, however severe in the eyes of the beholder, is within statutory limits, a reviewing court may not interfere.
Accordingly, the judgment and sentence will be affirmed.
Judgment affirmed.
 BRYANT, P.J., and HADLEY, J., concur.
(KERNS, J., retired, of the Second Appellate Judicial District, sitting by assignment in the Third Appellate Judicial District.)